### ELSTON et ux. v. CITY OF PANHANDLE.
### No. 3715.

Court of Civil Appeals of Texas. Amarillo. Jan. 27, 1932.

Rehearing Denied Feb. 17, 1932.

James Spiller and Frank R. Murray, both of Panhandle, for appellants.

H. H. Smith, of Panhandle, for appellee.

RANDOLPH, J.

This suit was originally filed by Elston and wife against the city of Panhandle and the Panhandle & Santa Fé Railway Company, to recover damages for the closing of a street in the city of Panhandle, Tex. By the filing of an amended petition the plaintiffs dropped the railway company from the suit, and the case proceeded to trial before a jury. On a hearing before the court the jury were instructed to return a verdict for the defendant, city of Panhandle. Judgment was rendered accordingly, and the plaintiffs have appealed to this court.

A brief statement of the facts upon which plaintiffs base their cause of action is as follows: The railway company being desirous of erecting its depot over and across Main street of the city of Panhandle, Tex., by a special election, the city of Panhandle had submitted to the voters of that city the question of the closing of such street, and it was

all but unanimously carried in the election that such street be ordered closed. This was done only for the private purposes of the railway company, as stated above, and the city council, by its ordinance, declared that portion of Main street duly closed. In pusuance of this ordinance the railway company completely blocked this portion of said street by building its depot over and across it.

The plaintiff Frank Elston testified that he did not remember who closed the street, but that it was done some time in July, 1927, and that a Mr. Crow, the sectionman, built the fence across it; that he is the sectionman for the Panhandle & Santa Fé Railway Company. That the purpose of such street being closed was that a depot was built across that portion of Main street.

There are several questions presented in the briefs of both parties which we do not deem it necessary to decide in view of our conclusions on the main question involved on the appeal. Also there is and can be no question of the good faith of the city officials of the city or of the attorneys in the case. The question is only one of cold law—whether or not the city of Panhandle, by its legislative body, had the power to enter its order closing Main street for the private purposes of the railway company.

In our view of the case it matters not that the defendant railway company was dropped out of the case because of the settlement on its part with the plaintiffs on their cause of action against the railroad company. The fact remains that the suit of the plaintiffs is now pending for our decision in which they are suing the city upon a cause of action which involves the validity of the city attempting to permit the railway company to close a city street for its private business and purposes.

■ "Whatever right the city had, by virtue of the Constitution or statutes, its powers are essentially those of a trustee for the benefit of the public. Whatever may be the quality or quantity of the estate held by the city in its streets, that estate is essentially ·public and not private property, and the city, in holding it, is the agent and trustee of the public." Industrial Co. v. Tompkins (Tex. Civ. App.) 27 S.W.(2d) 343, 347.

■ The public has an interest in the streets of a city that cannot be conveyed away by the city for private uses. This being true, the action of the city in voting to close the street and in ordering it closed has no binding effect upon any one. For that reason the city cannot be made the subject of a lawsuit because of the passing by its city council of a void ordinance. The Panhandle & Santa Fé Railway may have been liable for its unlawful acts in closing the street, but this matter apparently has been determined; certainly it is not before us for decision.

The invalidity of such ordinance by a city has been discussed in its various phases in the following cases: Stevens v. City of Dublin (Tex. Civ. App.) 169 S. W. 188; Spencer v. Levy (Tex. Civ. App.) 173 S. W. 550, 557; Bowers v. Machir (Tex. Civ. App.) 191 S. W. 758; Boone v. Clark (Tex. Civ. App.) 214 S. W. 607, 609; Dallas Cotton Mills v. Industrial Co. (Tex. Com. App.) 296 S. W. 503, 505.

In the case of Texas Co. v. Texarkana Machine Shops (Tex. Civ. App.) 1 S.W.(2d) 928, 931, that court holds that it may not be questioned that a city as a public corporation may be a trustee for the general public, to whom all the streets belong, with legal capacity to execute the trust. This means that the municipal corporation may provide a suitable system of streets and may lawfully apply the taxes raised according as the different stages are enumerated, namely: "To lay out, establish, open * * * widen, extend, grade, * * * pave," etc.

That court further says that the authority, "to vacate and (to) close" streets, as a necessary incident to control and maintenance thereof, was intended to empower the city only to relieve the public from the charge of maintaining a street in case it is no longer used by the public as a street, or is no longer useful and convenient to the public in general. The word "closed" is used in the sense of termination of maintenance and not in the sense of preventing ingress and egress by obstructions. In no wise is such authority intended to comprehend proprietary rights in respect thereto. Streets are not owned by the public, but their uses are.

In the case of Bowers v. City of Taylor et al., 16 S.W.(2d) 520, the Supreme Court, through its Commission of Appeals, holds that a city cannot by contract or otherwise surrender its governmental legislative functions nor barter away its powers vested in it. That a city under statutory grant has the power to open, extend, straighten, or widen a public street, alley, avenue, or boulevard, but that it must keep itself in position to be able at any time to exercise the legislative power thus granted. That a city, so acting, cannot use this delegated power to close any of its streets in such way as to disable it from the exercise of power to open, extend, and widen such streets when convenience requires it.

In the same case, in 24 S.W.(2d) 816, 817, the Commission of Appeals holds: "The ordinance in question is void, because it undertakes to barter away the city's legislative powers, thus disabling the city from the performance of its public governmental functions, for a period of 15 years. The ordinance being void, no rights accrued to the railroad company thereunder, and its closing the street without lawful right renders it liable to whomever may sustain loss or damage."

In this case the action of the city council and authorities being ultra vires, no cause of action accrued against it by reason of such void acts.

This is especially true where it does not appear that the city itself occasioned the actual closing of the street.

We therefore affirm the judgment of the trial court.