ALBERT R. LEE v. THE CITY OF STRATFORD.

No. 6382.   Decided May 15, 1935.
(81 S. W., 2d Series, 1003.)

*Fike & Cleveland*, of Stratford, and *Robert E. Stalcup*, of Dalhart, for appellant.

If it be held that plaintiff's property was not abutting on the closed avenue (which he claims it was), he was nevertheless entitled to his damages, since by the fact of closing the avenue the plaintiff's property was placed in a pocket, or cul-

de-sac, and his damages were as complete as if he were abutting on the closed avenue. Texas Co. v. Texarkana Mach. Shops, 1 S. W. (2d) 928; Quanah A. & P. Ry. Co. v. Swearingen, 4 S. W. (2d) 136, writ of error denied; City of Texarkana v. Lawson, 168 S. W., 867, writ of error denied; In re Hull, 163 Minn., 439; In re Grade Crossing Commissioners, 240 N. Y., 612; Illinois Cent. Ry. Co. v. Moriaty Co., 135 Tenn., 446.

*J. W. Elliott*, of Stratford, and *Madden, Adkins, Pipkin & Keffer*, of Amarillo, for appellee.

The evidence showing that plaintiff's property does not in fact abut on any portion of the closed streets, and that whatever damages of inconvenience he suffered was and is common to the whole community, he had no basis in law for recovery against the city. Dallas Cotton Mills v. Industrial Co., 252 S. W., 821; Gulf C. & S. F. Ry. Co. v. Fuller, 63 Texas, 467; Johnson v. Lancaster, 266 S. W., 565; Smith v. St. Paul, M. & M. Ry. Co., 39 Wash., 355, 81 Pac., 840.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The certificate of the Court of Civil Appeals is accompanied by the statement of facts and a plat of the City of Stratford, which is expressly identified and referred to in the certificate. We therefore from the certificate and examination of the plat make a statement of the facts essential to a decision of the questions certified.

1 The City of Stratford is incorporated. The entire acreage within the corporate limits is not platted into lots and blocks, but is partly acreage. The property owned by appellant Lee is acreage, and there is nothing to show that it was purchased with reference to or in reliance upon the official map and plat of the City of Stratford. There can therefore be no contention that he possesses what is known as a private easement in any of the avenues in question. Hartwell Iron Works v. Missouri, K. & T. Ry. Co., 56 S. W. (2d) 922.

For convenience we will refer to the streets as running north and south and to the avenues as running east and west. According to the plat Cedar street constitutes the western boundary of the platted portion of the city. In other words, it separates the platted lots, blocks and avenues of the city from the unplatted acreage on the west. It is a street 70 feet in width. Appellant owns three acres of land adjoining the west boundary line of Cedar street; that is, the west line

of Cedar street constitutes the east line of appellant's three acres.

Prior to the action of the city hereinafter mentioned appellant's travel to and from the main business portion of the city was by entrance from his own property into Cedar street and thence across that street into Missouri Avenue or Walton Avenue, or south on Cedar street to Collins Avenue or Grand Avenue.

During the year 1930 the Panhandle & Santa Fe Railway Company, desiring to build its railroad into and through the City of Stratford in a general north and south direction, filed a petition with the City Council of the City of Stratford, having for its purpose the vacation of a portion of certain avenues of the city at the places where the railroad track was to be laid and where its depot was to be constructed. In pursuance of this petition the matter was submitted to a vote of the qualified electors, and privilege of vacating the avenues was regularly voted. The City Council then proceeded by a duly adopted ordinance to vacate, so far as street purposes was concerned, certain avenues at the places where the proposed railroad crossed same, and granted unto the railroad company authority to build, operate and maintain its track, sidings, switches, etc., on, over and across said avenues at the designated points, and to maintain and operate its railroad thereon. The line of railroad as constructed appears to pass through the platted portion of the City of Stratford and crosses Missouri Avenue, Walton Avenue, Collins Avenue and other avenues approximately 100 feet east of the east line of Cedar street.

Appellant Lee brought this suit against the City of Stratford for damages to his property by reason of the vacating of the avenues, as a result of which he alleged that his access to school, to the postoffice, and to the main business portion of the city had been made more circuitous and difficult. There is no allegation or contention that the immediate ingress to or egress from his property has in any manner been interfered with. In other words, it is undisputed that appellant still has exactly the same ingress and egress to and from his property into Cedar street as he had before the action of the city was taken. His principal complaint is that instead of being able to go from his property across Cedar street into Missouri Avenue or Walton Avenue and thence to the principal business portions of the city, he is now required to go on Cedar street a distance of two blocks to Grand Avenue and thence to school, church, postoffice, courthouse and other places in the city,

which results in his going a considerably longer distance to such places than he formerly traveled.

The trial court instructed the jury to return a verdict in favor of the city, which was done and judgment was rendered that appellant take nothing. As shown by the instruction of the court to the jury, judgment was against appellant on the theory that he was not an abutting owner as to the portion of the streets closed by the city, it being recited that appellant admitted that the "portions of said streets in controversy were closed properly and legally by the city." The ordinance by which the city vacated the avenues and conferred on the railway company the privilege of building its railroad over same was known as Ordinance No. 105.

The Court of Civil Appeals has certified to this Court the following questions:

"(1) Is ordinance No. 105 void?

"(2) If void, is this fact a bar to appellant's alleged cause of action against the City?

"(3) Can a cause of action be legally maintained by appellant against the City of Stratford, whose property does not abut directly upon one of the closed streets, but which has been left in a cul-de-sac as set out above?"

2 As the third question must be answered in the negative, it is not necessary to answer the other questions. Before stating our conclusions why question No. 3 should be answered in the negative, it is appropriate to say that in no sense can it be said that appellant's property has been left in a cul-de-sac. If Missouri Avenue and Walton Avenue, which abut on Cedar street directly opposite appellant's property, had been his sole outlet or way of travel there would be some ground for saying that the property had been left in a cul-de-sac. However, as Cedar street intervenes between these avenues and appellant's property and furnishes an outlet both north and south, and as appellant has no rights in the avenue as an abutting owner, there is no ground for a contention that his property has been left in a cul-de-sac.

3 It is a plainly observable physical fact that appellant's property does not abut on any portion of the avenues which were vacated by the ordinance. These avenues each and all terminated at the east boundary line of Cedar street, and all of the space intervening between these avenues and appellant's property is appropriated by Cedar street. By a great array of decisions it is held that under such circumstances one whose

property is so situated is not an abutting owner. As pointed out in the case of Kingshighway Supply Company v. Banner Iron Works, 181 S. W., 30, by the Supreme Court of Missouri, the practical test for determining whether or not property abuts on a street is to determine whether or not such property would be subject to assessments for street improvement purposes, and whether or not under the statutes there is a method by which an assessment upon the property could be equitably and proportionately based. A glance at the plat in this case will show that under no possible theory could appellant's property be charged with an equitable and proportionate part of any assessment for the improvement of any of the avenues in question.

As showing that appellant's property does not abut on Missouri and Walton Avenues, the case of Kemp v. City of Seattle, 270 Pac., 431, is directly in point, as well as other cases which might be cited.

In Volume 4, page 279, Section 1527 of McQuillin on Municipal Corporations, it is said:

"On the other hand, if the street directly in front of one's property is not vacated but the portion vacated is in another block, so that he may use an intersecting cross street, although perhaps it is not quite so short a way nor as convenient, it is almost universally held that he does not suffer such a special injury as entitles him to damages. And this is so notwithstanding the new route is less convenient or the diversion of travel depreciates the value of his property. The fact that the lot owner may be inconvenienced or that he may have to go a more roundabout way to reach certain points, it is generally held, does not bring him an injury different in kind from the general public, but in degree only. 'If means of ingress and egress are not cut off or lessened in the block of the abutting owner, but only rendered less convenient because of being less direct to other points in the city, and made so by the vacation of the street in another block, such consequence is damnum absque injuria.'"

There is such a vast array of authorities that it is unnecessary to cite but a few of the most pertinent. In addition to those above cited, we call attention to the following:

Davis v. City of Paducah, 213 Ky., 407, 281 S. W., 158; Arcadia Realty Co. v. City of St. Louis, 326 Mo., 273, 30 S. W. (2d) 995; In re Hull, 163 Minn., 439, 204 N. W., 534; Phelps v. Stott Realty Co., 233 Mich., 486, 207 N. W., 2, and the great list of cases cited at pages 361 and 362 of 49 A. L. R.

As appellant has no cause of action against the city for damages, he is in no position to question the validity of the ordinance, and it is unnecessary to answer questions Nos. 1 and 2. Mallott v. City of Brownsville, 298 S. W., 540 and York v. Railroad Co., 240 Ky., 114, 31 S. W. (2d) 668.

Question No. 3 is answered in the negative.

Opinion adopted by the Supreme Court May 15, 1935.