**WARD et al. v. RICE.**

No. 12277.

Court of Civil Appeals of Texas.
San Antonio.

May 9, 1951.

Rehearing Denied June 6, 1951.

Ottis A. West, Grover C. Morris, San Antonio, for appellants.

Andrew Dilworth, James A. McKay, Jr., San Antonio, for appellee.

POPE, Justice.

This is a suit in which the court in a non-jury trial permanently enjoined appellants from using a road. Whether the road had ever been dedicated to the public is the only point in this case.

During April of 1943, J. C. Rice, trustee, purchased 31.196 acres of unimproved and fenced farm land, and thereafter proceeded to cut the tract into thirty lots. During 1944 he constructed a road across the tract. This road extends from the north edge of the tract in a southerly direction to a point about twenty-five feet from a fence on the south line. Fifteen lots are located on the west side of the road and fifteen on the east side. The road, known as the Chester Road, was constructed and has been maintained at appellee's cost and expense; it is not within any municipality and has never been maintained by the county or used by the general public. No map or plat of the subdivision was ever filed for record in the county where the land is located, but the deeds conveying the acre tracts described the tracts by metes and bounds and referred to the "Proposed Chester Road" on which all the lots fronted. The road itself was not conveyed.

Directly south of the thirty-one acre tract was another tract, formerly owned entirely by appellant Ward. Appellant Ward in February, 1947, conveyed ten acres of his tract to appellant Glenn, who thereafter commenced the erection of a home. The southern terminus of the Chester Road was at a point twenty-five feet inside the thirty-one acre tract, and neither that road nor any other road extended across the tract owned by Ward and Glenn. A road is located on the west side of the Ward tract, but Ward's property lies between the road and his grantee Glenn's property. Appellant Glenn in 1947 destroyed a portion of the fence, graveled the twenty-five foot space, and commenced using the Chester Road contrary to the prompt objection of appellee. The court in a hearing without a jury permanently enjoined appellants' use of the road, and made findings of fact and conclusions of law which are supported by the evidence.

Appellants do not rest their claims to the use of the Chester Road upon an easement appurtenant, in gross, by necessity, nor by prescription. Their properties are not out of the thirty-one acre tract and neither Ward nor Glenn purchased their property by reason of nor by reference to the unrecorded map of that tract. Appellants rely solely on the claim that a dedication was made to the road across the thirty-one acre tract.

We affirm the trial court's judgment that no dedication of the Chester Road was ever made. Dedication may be either a statutory or common law dedication. City of San Antonio v. Sullivan, 23 Tex.Civ.App., 619, 57 S.W. 42. Statutory dedication is not here involved. A common law dedication may result either from an express or implied offer and acceptance. There must be either an express or implied intent to appropriate and this intent must be manifested by words or acts communicated to the public. Corporation of Seguin v. Ireland, 58 Tex. 183; Cockrell v. City of Dallas, Tex.Civ.App., 111 S.W. 977; 14 Tex.Jur., Dedication, § 8; 16 Am.Jur., Dedication, § 19. The intent to appropriate must be followed by an express or implied acceptance. City of Galveston v. Williams, 69 Tex. 449, 6 S.W. 860; Gilder v. City of Brenham, 67 Tex. 345, 3 S.W. 309; Huffman v. Alexander, Tex.Civ.App., 276 S.W. 959; 16 Am.Jur., Dedication, § 34.

The map of the thirty-one acre tract was never recorded nor displayed to persons other than prospective purchasers. It was never disclosed to the public. The map and deeds referring to the "Proposed Chester Road," however, were the only evidence relied upon by appellants as effecting a public dedication. The presence of the fence along the south line which limited the use of the road, that the general public never used the road, that no one used the unimproved twenty-five feet at the south end of the road until appellant Glenn destroyed the fence in 1947, that the public authorities never took any character of action relating to the road and did not maintain it, and that protest was made against Glenn's use of the road, sufficiently dis-

closed an intent not to dedicate the road to the public, as well as the public's non-acceptance of the road. Worthington v. Wade, 82 Tex. 26, 17 S.W. 520; Ramthun v. Halfman, 58 Tex. 551; Hestand v. Johnson County, Tex.Civ.App., 206 S.W.2d 665; City of Brownsville v. West, Tex. Civ.App., 149 S.W.2d 1034; City of Houston v. Cyrus W. Scott Mfg. Co., Tex.Civ. App., 45 S.W.2d 270. The effect of the unrecorded map is expressed in City of San Antonio v. Sullivan, 23 Tex.Civ.App. 619, 57 S.W. 42, 44: "But the mere making of the map, or its delivery or exhibition to private individuals, does not, alone, constitute the offer of dedication to the public; and where the right to claim the street by the public rests upon a map alone, there is no offer of dedication to be accepted." Galveston H. & S. A. Ry. Co. v. City of Eagle Pass, Tex.Civ.App., 282 S.W. 319; Perrow v. San Antonio & A. P. Ry. Co., Tex.Civ.App., 181 S.W. 496.

Since the road is not a public road, appellants are not entitled to use it merely by reason of their being adjacent land-owners. Cousins v. Sperry, Tex.Civ.App., 139 S.W.2d 665; Lee v. City of Stratford, 125 Tex. 179, 81 S.W.2d 1003; 2 Thompson, Real Property, § 473 (Perm. Ed.).

We do not hold that an unrecorded deed may never be the source of an intent to dedicate, Fenzl v. City of Houston, Tex. Civ.App., 63 S.W.2d 729, but only that the evidence abundantly supported the trial court's finding of fact that no such intent here existed. Moreover, since the rights of landowners within the thirty-one acre tract are not here in dispute, we do not hold that they are without rights in the continued use of the Chester Road. Independent of the public's absence of rights to the road, those landowners may own an easement by reason of the map though unrecorded. Manziel v. Railroad Commission, Tex.Civ.App., 197 S.W.2d 490; Evans v. Southside Place Park Ass'n, Tex.Civ. App., 154 S.W.2d 914; Eidelbach v. Davis, Tex.Civ.App., 99 S.W.2d 1067, 1072; Blair v. Astin, Tex.Civ.App., 10 S.W.2d 1054; Ladies' Benev. Soc. of Beaumont v. Magnolia Cemetery Co., Tex.Com.App., 288 S.W. 812; Perrow v. San Antonio & A.

P. Ry. Co., supra; City of Houston v. Finnigan, Tex.Civ.App., 85 S.W. 470, 471, 473; 26 C.J.S., Dedication, § 22; See Note, 7 A.L.R.2d 607, 654.

The judgment is affirmed.