## JACOBS v. CITY OF DENISON et al.
### No. 14522.

Court of Civil Appeals of Texas. Dallas.

July 18, 1952.

Rehearing Denied Oct. 3, 1952.

Robert Doss and Gullett & Gullett, all of Denison, for appellant.

Freels & Elliott, of Sherman, Hal M. Rawlins, City Atty., of Denison, and Clark, Coon, Holt & Fisher, of Dallas, for appellees.

YOUNG, Justice.

The suit of appellant (plaintiff in trial court) against the City of Denison, Cowdin Bros., Contractors, and M., K. & T. Railway Company of Texas, was initially for injunction to prevent closing of West Washington Street (1400 Block); later, by amended petition and in the alternative, seeking damages. On hearing of defendants' motion for summary judgment pursuant to Rule 166–A, Texas Rules of Civil Procedure, in connection with plats and affidavits of both parties, the court denied injunctive relief along with entry of a "take nothing" judgment. Prior thereto and by said amendment, plaintiff had included Safeway Stores, Inc., as a party; taking a

nonsuit as to the Railway Company and Cowdin Bros.,—the appeal being from this order in favor of remaining defendants.

A background of facts, rather in detail, is a necessary prelude to any consideration of the instant controversy: According to the plats attached to affidavits, the locale is in the area of Tone's Second Addition to the City of Denison, map of which was filed for record December 5, 1890; the Addition lying in North Denison and appearing as only partly within its City limits. A line of the M., K. & T. Railway Company, running generally north and south, skirts the Addition on the east, though intersecting its north portion. Maurice Street likewise appears as running north and south alongside the railway company right of way on the east to West Washington Street, then continuing north as Baer's Ferry Road and east boundary line of Tone's Addition to the junction of new U. S. Highway 75–A coming up from the southeast. Said West Washington Street lying east and west and marking generally the north City limits, dead-ends at Maurice, on the west, at its 1400 Block; also intersecting on the east, several blocks away, with said new Highway 75–A. The land occupied by Safeway Stores abuts on said West Washington Street to the south along its 1400 Block, Maurice Street on the west, and Brown Street on the east. An eight-acre lot abutting on 1400 Block, West Washington, to the north is owned by a Safeway subsidiary, Conway Oil Company, with newly constructed buildings, the Conway Oil tract having been annexed to the City in 1951; thus bringing within municipal limits the entire width of Washington Street at 1400 Block, Safeway Stores owning all lands on either side. In this connection plaintiff alleges that, consequent upon passage of the hereinafter described ordinances, Safeway Stores has caused the erection of buildings directly on said Block.

Plaintiff's property consists of the north half of Lots 1, 2, 3, and an undivided one-half interest in and to Lot 4 of said Tone's Addition, all fronting on Parnell, an east and west street lying one block north of West Washington; Lot 1 being a corner lot abutting also on west side of Maurice Street as extended into Baer's Ferry Road. This part of the Addition was outside City limits, plaintiff purchasing it in 1946 and operating thereon a store dealing in fish bait, fishing supplies, groceries, and merchandise generally. Here may be stated plaintiff's claim of right to injunctive relief and, alternatively, for damages. Prior to the rerouting in 1950 of Highway 75–A, already mentioned, the line of old Highway 75 to the north had been over West Washington Street to its intersection with Maurice, thence north via Maurice extension (Baer's Ferry Road) and plaintiff's place of business, with some 90% of his customers using said way of travel; they continuing so to do even after diversion of the old highway and establishment of 75–A; he likewise using West Washington (the first intersection to the south) as a means of travel to other and easterly systems of streets. Plaintiff alleged a substantial lessening of sales for 1951 as compared to preceding year; and decrease in property values, estimated at $25,000, due, so he says, to closing of West Washington Street. (Note: From the plat, with said 1400 Block of West Washington Street closed, anyone desiring to travel that street to vicinity of plaintiff's store would be required to turn south at Brown Street, proceed to Johnson, thence west to Maurice.)

The vacation of streets by defendant City appears to have been consummated by three separate ordinances. The first, of date March 27, 1951, omitting title and caption, recites that: "Whereas, Safeway Stores, Incorporated, a Delaware Corporation, is the owner of a tract of land extending from Washington Street on the north to Johnson Street on the south, and from Brown Avenue on the east to Maurice Avenue on the west, said tract of land containing approximately 5.4 acres, and occupied by Table Products Company and Coldstream Products Company, divisions of Safeway Stores, Inc.; and Whereas, Safeway Stores, Incorporated, has recently acquired a triangular tract of land north of Washington Street bound on the northeast by U. S. Highway 75–A, and on the west by Baer's Ferry

Road, and on the south by Washington Street, containing 8.82 acres of land, more or less, and is presently constructing an edible oil refinery thereon; and Whereas, said tract of land north of Washington Street was annexed to the City of Denison by ordinance on February 27, 1951, bringing within the jurisdiction of the City of Denison the entire width of Washington Street in the 1400 Block West Washington Street; and Whereas, Randolph Properties Company, division of Safeway Stores, Incorporated, in a letter dated October 31, 1950, pointed out to the City Council that the closing of Washington Street from the west side of Brown Avenue to the east side of Baer's Ferry Road would facilitate Safeway Stores, Incorporated, operations in Denison, and requested the City to abandon said portion of Washington Street as a public thoroughfare; and Whereas, the City Council of the City of Denison desires to cooperate with Safeway Stores, Incorporated, in the matter of closing and abandoning the 1400 Block West Washington Street as requested in letter dated October 31, 1950, from Randolph Properties Company, division of Safeway Stores, Incorporated; and Whereas, the closing and abandoning of the 1400 Block West Washington Street will cause no detriment to the rights of the citizens of Denison, or the public in general, because Washington Street dead-ends at the M-K-T railroad tracks just west of the Safeway Stores, Incorporated, property and because access to Baer's Ferry Road and the Denison Dam is now provided for by a new highway on the east of the Safeway Stores, Incorporated, property, designated by the State Highway Department as U. S. Highway 75-A; Now Therefore Be It Ordained by the City Council of the City of Denison: That, the 1400 Block West Washington Street, from the west side of Brown Avenue to the east side of Baer's Ferry Road, be, and the same is hereby, closed as a public thoroughfare, and the owners of the land, Safeway Stores, Incorporated, abutting said 1400 Block West Washington Street on the north and south sides thereof, shall have the right to inclose, use and build upon said portion of West Washington Street thus abandoned." The second ordinance, dated May 22, 1951, is practically identical in wording, save that Safeway Stores is referred to as a "Maryland Corporation" instead of "Delaware."

The third and last ordinance relative to the subject matter in question will be quoted in full: "An Ordinance of the City Council of the City of Denison, Texas, Closing to the Public, and Abandoning as a Thoroughfare, the Fourteen Hundred Block West Washington Street from the West Side of Brown Avenue to the East Side of Baer's Ferry Road, a Distance of Three Hundred (300) Feet, More or Less. Whereas, the road now designated as U. S. Highway No. 75-A formerly followed Washington Street west to its intersection with Maurice Avenue; and Whereas, the Texas Highway Department has constructed a new road and designated it as U. S. Highway 75-A and the 1400 Block West Washington Street is no longer used as a routing for U. S. Highway 75-A; and Whereas, West Washington Street dead-ends at Maurice Avenue at the west end of the 1400 Block West Washington; and Whereas, since the re-routing of U. S. Highway 75-A by the Texas Highway Department, the 1400 Block West Washington Street is no longer needed nor used as a routing for U. S. Highway 75-A and it is no longer needed nor necessary for public use and should be abandoned and closed and that all abutting property owners in the 1400 Block West Washington Street have petitioned the City Council of the City of Denison to abandon and close the 1400 Block West Washington Street; and Whereas, the closing and abandoning of 1400 Block West Washington Street will cause no detriment to the rights of the citizens of Denison; Now Therefore Be It Ordained by the City Council of the City of Denison: That, the 1400 Block West Washington Street, from the west side of Brown Avenue to the east side of Baer's Ferry Road, be, and the same is hereby, closed and abandoned as a public thoroughfare, that the abandonment provided for herein shall only extend to the public right, title and easement in and to the property above described and as shown on the official map or plat of such street and shall be construed to extend only to that interest the governing

body of the City of Denison may legally and lawfully abandon. This ordinance shall be in full force and effect after its passage and approval by the Mayor."

In view of Art. 4646a, Vernon's Ann.Civ. St., prohibiting proceedings by injunction to stay or prevent the vacation, abandonment, or closing of streets by a municipality, appellant tacitly admits that his remedy, if any, is limited to relief by way of monetary damages; arguing in such regard the existence of genuine issues of fact under this record, viz.: (a) Apparent invalidity of the ordinances whereby West Washington Street was closed, and (b) that the damage allegedly sustained by plaintiff incident thereto is shown to be different in kind and degree from that suffered by the general public.

█ Preliminary to a discussion of the foregoing and as evident from aforesaid map or plats, plaintiff is not an abutting owner relative to the closed West Washington Street block, nor is the latter street shown to be a part of Tone's Second Addition. In fact, it is not clear in the record whether the establishment of this thoroughfare derived from a formal dedication or by prescription (long continued public user). Be this as it may, plaintiff is not here seen to possess any private easement over West Washington Street as illustrated in Texas Co. v. Texarkana Machine Shops, Tex.Civ. App., 1 S.W.2d 928 (abutting owner), or Dallas Cotton Mills v. Industrial Co., Tex. Com.App., 296 S.W. 503 (purchaser with reference to a recorded map or plat). Plaintiff's right of easement was no more than that possessed by the general public, of which he could be deprived by the municipality acting in the public interest. Simons v. Galveston, H. & S. A. Ry. Co., Tex.Civ.App., 57 S.W.2d 199.

█ In the same connection, these further observations may be made: (1) That appellee municipality, as a Home Rule City, has plenary power over all streets and alleys within corporate limits. Art. 1175, sec. 18, Vernon's Ann.Civ.St., relative to vacation, abandonment or closure. Such powers are exercisable, however, in capacity of a public trustee; it being well settled that a

city may not validly abandon or close a street solely for promotion of a private enterprise; in other words, for private benefit or use. 39 T.J. 535; Hartwell Iron Works v. Missouri-Kansas-Texas Ry. Co. of Texas, Tex.Civ.App., 56 S.W.2d 922, syl. 3; Malott v. City of Brownsville, Tex.Civ. App., 292 S.W. 606, affirmed Tex.Com.App., 298 S.W. 540, judgment modified, Tex.Com. App., 300 S.W. 29, Id., Tex.Com.App., 4 S.W.2d 965; Elston v. City of Panhandle, Tex.Civ.App., 46 S.W.2d 420, error refused 121 Tex. 553, 50 S.W.2d 1090; Gambrell v. Chalk Hill Theatre Co., Tex.Civ.App., 205 S.W.2d 126.

█ (2) Consistent with these authorities, appellee City's ordinances would appear to be prima facie void; because, considered pari materia, their enactment in objective is seen to be purely in the interest of Safeway Stores, and for purpose of this opinion the invalidity thereof may be assumed. But is a cause of action on behalf of plaintiff for damages thereby established? We think not. The rule applied in Lee v. City of Stratford, 125 Tex. 179, 81 S.W.2d 1003, 1004, furnishes adverse answer to his claim for damages under facts sufficiently analogous as to be controlling.

In Lee's appeal, his property lay on west edge of the platted portion of Stratford City, abutting on Cedar Street, a 70-foot north and south thoroughfare. Travel to and from the main business section was by entrance from his own property into Cedar and thence across that street into Missouri Avenue or Walton, or south on Cedar Street to Collins Avenue or Grand (all east and west streets). The Panhandle & Santa Fe Railway Company, desiring to run a railway line into and through the municipality in a general north and south direction, filed petition with the City Council for vacation of the named avenues in part. Pursuant thereto an election was called, held, and right of closure regularly voted; followed by ordinance vacating certain avenues in so far as public easements were concerned. The railroad, as thereafter constructed, crossed above named avenues approximately 100 feet east of Cedar Street. Lee's way of travel in that direction was thereby ren-

dered longer and more circuitous; he not contending, however, that immediate ingress and egress from his property had been in any manner interfered with. Our Supreme Court there approved the doctrine of wide acceptance as stated in McQuillin on Municipal Corporations, Vol. 4, p. 279, sec. 1527, viz.: "On the other hand, if the street directly in front of one's property is not vacated but the portion vacated is in another block, so that he may use an intersecting cross street, although perhaps it is not quite so short a way nor as convenient, it is almost universally held that he does not suffer such a special injury as entitles him to damages. And this is so notwithstanding the new route is less convenient or the diversion of travel depreciates the value of his property. The fact that the lot owner may be inconvenienced or that he may have to go a more roundabout way to reach certain points, it is generally held, does not bring him an injury different in kind from the general public, but in degree only. 'If means of ingress and egress are not cut off or lessened in the block of the abutting owner, but only rendered less convenient because of being less direct to other points in the city, and made so by the vacation of the street in another block, such consequence is damnum absque injuria.'" The Supreme Court concluded by holding that as Lee had no cause of action against the City of Stratford for damages, "he is in no position to question the validity of the ordinance, * * *."

Likewise, in the instant case, appellant's outlet to the general system of streets by way of Maurice and Baer's Ferry Road was the same as before, though made more difficult and circuitous towards the east in consequence of these ordinances. It is argued that plaintiff purchased the property in reliance on the then traffic pattern and suffers special injury because of its change, resulting in diversion of business and difficulty of travel. However, his right of ease-

ment to West Washington Street was not a vested one, but was public in nature as we have already seen. Pertinent here is In re Hull, 163 Minn. 439, 204 N.W. 534, 205 N.W. 613, 49 A.L.R. 320, cited with approval in Lee v. City of Stratford, supra, where the court holds in effect, syl. 4: "The right to claim damages at common law, resulting from the vacation of a street, cannot be successfully asserted by landowners whose property neither abuts on the vacated portion of the street nor is left abutting upon a cul-de-sac, who have access to their property on all sides, and whose complaint is that highway communication in certain directions is less direct and convenient than it was before the street was vacated, in consequence whereof trade will be diverted to places more accessible." And in Hartwell Iron Works v. Missouri-Kansas-Texas Ry. Co., supra [56 S.W.2d 925], also referred to in Lee v. City of Stratford, it is stated that: "To entitle a property owner to injunctive relief against the vacation of a purely public street, it must be shown that he will suffer a special injury and not such only as is cast upon the community generally. The general rule is that the mere fact that a vacation of a street in which one has no private interest results in a depreciation of the value of property of an owner of land abutting on the same, which causes a diversion of travel and added inconvenience of access, does not of itself constitute such special injury as entitles him to damages."

It may be that appellant has stated a cause of action against defendant Safeway Stores under earlier Texas decisions, for instance, Elston v. City of Panhandle, supra; but since Lee v. City of Stratford and its announced principles, we conclude that he is now effectually foreclosed.

Summary judgment procedure being applicable hereto, the trial court's ruling is in all respects affirmed.