**Stella COBB, Appellant,**

**v.**

**CITY OF DALLAS et al., Appellees.**

**No. 16795.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 28, 1966.

Finklea & Finklea and Robert W. Finklea, Dallas, for appellant.

N. Alex Bickley, City Atty., and H. P. Kucera, Dallas, for appellees.

BATEMAN, Justice.

This is an interlocutory appeal from the denial of a temporary injunction sought by Stella Cobb, a widow, and First National Bank in Dallas, independent executor and trustee of the estate of her deceased husband, Robert O. Cobb, to restrain the appellees City of Dallas and Minyard Properties, Inc. from closing a public alley and constructing private improvements thereon.

At different times in the years 1947–1951 the Cobbs acquired Lots 7, 8, 9 and 10 in Block 5370 of the City of Dallas. These lots are parallel to each other and front on Garland Road. The rear boundaries of these lots adjoined certain property of W. B. Rasansky. Rasansky's property also adjoined the northeast side of Lot 10. The four deeds by which the Cobbs acquired the lots described them by metes and bounds, not by lot or block numbers, and at those times there was actually no alley at the rear of the lots.

On June 12, 1953 Rasansky conveyed to the City of Dallas a 15 foot strip of land through his property for alley purposes, so situated as to become a common boundary between the Rasansky property and the rear boundaries of the Cobb property. The deed recited that it conveyed an easement to the City for alley purposes and customary uses in connection therewith, and reserved the fee title to Rasansky, his heirs and assigns, subject to said easement. The alley bisected the Rasansky property, dividing that part which adjoined Lot 10 of the Cobb property from the part to the rear of the Cobb lots.

The Rasansky property was thereafter in March 1955 conveyed to A. W. Minyard, and in 1959 to Minyard Properties, Inc. In 1959 the alley was improved and the Cobbs dedicated a small portion from the corner of their property, amounting to about 80 square feet, thereby enabling the alley to connect with a proposed alley to

the west of the Cobb property. Both the deed to Minyard and that to Minyard Properties, Inc. conveyed the fee title of the alley, subject to the easement. Being desirous of erecting a large food store on the property, with adequate off-street parking, Minyard Properties, Inc., by negotiation with the City of Dallas, was given permission by the City by ordinance to close the alley dedicated by Rasansky on condition that another alley be opened along the northern edge of its property. This relocated alley curved down the western extremity of the Minyard property and connected with the proposed alley to the west of the Cobb property, utilizing the dedicated 80 square feet off the corner of the Cobb property mentioned above, but was otherwise not contiguous to the Cobb property. The new alley was dedicated pursuant to this agreement and simultaneously with the enactment of the ordinance closing the first alley.

In seeking the injunction restraining appellees from blocking and closing the first alley and constructing private improvements thereon, the appellants complain that they were not given any notice of the City's intention to do so, that it was an "abuse of discretion on the part of the Dallas City Council" thus to abandon and quitclaim a public alley to permit Minyard Properties, Inc. to make a better development of its property, all without advance notice to the public or abutting property owners; that the City of Dallas and Minyard Properties, Inc., having acquired the land burdened with the prior alley easement, in reliance upon which easement the Cobbs had granted the City an additional easement and expended money to pay a paving assessment, are estopped to reclaim the alley for private building purposes. We do not agree with any of these contentions and are of the opinion that the temporary injunction was properly denied.

■ In the first place, the Cobbs cannot be said to have acquired any private or contractual rights in the alley. When they bought their lots there was no alley to the rear of them and their deeds did not refer to any recorded plat showing an alley abutting their property. When the alley was dedicated by Rasansky, it was wholly on property contributed by Rasansky. The small portion contributed by the Cobbs off one corner of their property did not form a part of the alley in question but merely served to make a more convenient connection with another proposed alley. The Cobbs did not pay Rasansky any consideration by which they could hope to acquire any private rights in the alley. The fact that they, as members of the public, actually used the alley after its dedication and paving, gave them no such private rights. Vernon's Ann.Civ.St., Art. 5517.

■ One may of course acquire a private easement in a street or alley existing contemporaneously and harmoniously with the public easement, and while the City might have the power to relinquish the public easement, the private right would be left intact. Dallas Cotton Mills v. Industrial Co., Tex.Com.App., 296 S.W. 503; Miller v. Dallas County, Tex.Civ. App., 252 S.W.2d 470, wr. ref. See also Hartwell Iron Works v. Missouri-Kansas-Texas R. Co., Tex.Civ.App., 56 S.W.2d 922, no wr. hist. But no such situation prevails here. Instead, appellants find themselves in the same position as that of the appellant in Farmers & Merchants Comp. & W. Co. v. City of Dallas, Tex. Civ.App., 335 S.W.2d 854, wr. ref. n. r. e., wherein this court, speaking through Chief Justice Dixon, said: "Since the record shows that appellant did not purchase with reference to any street, it did not acquire any private rights to any street." See also Eidelbach v. Davis, Tex.Civ.App., 99 S.W. 2d 1067, wr. dism.; Lee v. City of Stratford, Tex.Com.App., 125 Tex. 179, 81 S.W. 2d 1003, opinion adopted by the Supreme Court.

■ Moreover, the fact that appellants paid an assessment to cover part of the cost of improving the alley in question did not give them any private rights in the

alley which could not be destroyed without compensation when the City abandoned the alley and ordered it closed. This same contention was raised by appellants in Farmers & Merchants Comp. & W. Co. v. City of Dallas, supra, and we overruled it there, as we do here. See also Gillespie v. Fuller Construction Co., Tex.Civ.App., 66 S.W.2d 798, wr. ref.; City of Chicago v. Union Bldg. Ass'n, 102 Ill. 379; State v. City of Elizabeth, 54 N.J.L. 462, 24 A. 495; 2 Nichols on Eminent Domain, 3rd Ed., § 6.34.

Appellees deny that the alley was closed exclusively for the private benefit of Minyard Properties, Inc., calling our attention to the fact that, if the alley had not been closed when it built its large food store, the parking area available to its customers would have been bisected by the public alley, causing traffic congestion and hazards which a relocation of the alley would eliminate. Appellees argue from this that at least one of the chief purposes, if not the only one, in closing the alley in question was to accomplish a benefit to the public by eliminating traffic congestion and hazards, and that the relocation of the alley effectually restored to the public any benefits destroyed by closing the original alley.

▊ Vernon's Ann.Civ.St., Art. 1175, Sec. 18, empowers the city to determine the necessity for, or the desirability of, abandoning and closing alleys. The City of Dallas exercised that power by an ordinance duly enacted in conformity with law. There was no legal requirement of advance notice to appellants of an intent to pass the ordinance. In the absence of a showing that this action was taken solely for the purpose of promoting private enterprise, the law presumes that the City Council acted in the public interest. The appellants, having failed to carry the burden of making such a showing, will not be heard to object to the proceeding. Hartwell Iron Works v. Missouri-Kansas-Texas R. Co., Tex.Civ. App., 56 S.W.2d 922, no wr. hist.

Being of the opinion that the trial court correctly applied the law to the undisputed facts of this case and committed no error in refusing the temporary injunction prayed for, we affirm the judgment.

Affirmed.