Robert H. CALDWELL, Jr., et al., Appellants,

v.

CITY OF DENTON, Texas, a Municipal Corporation, et al., Appellees.

No. 17893.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 8, 1977.

Rehearing Denied Oct. 5, 1977.

Shirley W. Peters, Denton, Rex McEntire, Fort Worth, Jack W. Gray, Denton, for appellants.

Paul C. Isham, City Atty., Denton, John L. Hill, Atty. Gen. of Tex., David R. Thomas, Dallas, for appellees.

OPINION

MASSEY, Chief Justice.

As plaintiffs, Robert H. Caldwell, Jr., and Ray V. Hunt brought and prosecuted a suit against the defendants, the Home Rule City of Denton, Texas, and certain individuals who were members of its governing body. The State of Texas presented itself as an intervenor.

Plaintiffs' prayer was that they have a declaratory judgment that there existed a conflict of interest of the individual city council members constituting two-thirds of the voting majority of the governing body of the City of Denton of such a nature as should either require invalidation of municipal action closing certain streets or which *ab initio* inhibited effectiveness of council action purporting to close them. They seek to have such action declared void; and that there be granted a writ of injunction prohibiting closure of the streets.

Defendants filed a motion to dismiss the suit. The trial court proceeded to trial on the merits of the case with action on the motion deferred until the conclusion of trial. Full opportunity was afforded all parties to present their evidence. At the conclusion of trial the court entered judgment which sustained the defendants' motion to dismiss plaintiffs' suit. However, the trial court's judgment not only decreed suit dismissal, but furthermore proceeded to make declaratory adjudication that there was not a conflict of interest affecting the challenged action of the City and its council members. There was not a necessity for declaratory judgment in addition to the decree of dismissal. Our holding is that the dismissal was a correct judgment and we disregard the declaration made. Plaintiffs perfected their appeal and have submitted the case.

Judgment affirmed.

■ Aside from any question of propriety of action by any council member, the Home Rule City of Denton had undoubted authority to close the streets. V.A.T.S. Title 28, "Cities, Towns and Villages", Ch. 13, "Home Rule", Art. 1175, "Enumerated powers", specifically authorizes such action.

■ Neither plaintiff owned property abutting upon any portion of that part of a street which was elsewhere directed to be closed. By reason thereof there is statutory inhibition of plaintiffs' suit for injunction. V.A.T.S. Art. 4646a, "Prohibiting injunction against closing streets." There was like rule by the common law even prior to the 1930 effective date of Art. 4646a. See authorities cited in *Lee v. City of Stratford*, 125 Tex. 179, 81 S.W.2d 1003 (1935).

■ For the same reason, under Texas law, neither plaintiff could maintain a suit for damages because of the closing of the streets at points other than where there was abutment upon their properties; the fact of non-abutment necessarily making of the injury done them no different from the injury, if any, suffered by the general public. That there might have been difference in degree of injury suffered by plaintiffs from others constituting members of the public does not alter this rule. The consequence is that as to them exists mere *damnum absque injuria*. There being no remedial damages which might be recovered neither plaintiff can maintain a cause of action for damages. *Lee v. City of Stratford*, supra; *Burrow v. Davis*, 226 S.W.2d 199 (Tex.Civ.App.—Amarillo 1949, writ ref. n.r. e.); *Jacobs v. City of Denison*, 251 S.W.2d 804 (Tex.Civ.App.—Dallas 1952, no writ history).

Neither plaintiff had a cause of action against the City of Denton for injunction or for damages growing out of the action of

which they complain. That being so they are without authority to question the validity of the ordinance by which there was a closing of municipal streets. *Lee v. City of Stratford,* supra.

Necessarily is the law the same as applied to any right of plaintiffs to maintain a suit for declaratory judgment. No purpose would be served in obtaining declaration upon a mere hypothetical question of law. In the "eyes of the law" there is no invasion or threatened invasion of either plaintiff's personal or property rights. Therefore there is absence of the requisite litigious controversy essential to maintenance of a suit for declartory judgment. 1 McDonald, Texas Civil Practice, 1965 Rev., p. 156, et seq., Ch. II, "Actions", and the sections in particular beginning with sec. 2.03, "Declaratory Judgments", especially at p. 172, sec. 2.05.1, "C. Situations in Which Granted."

To consider questions upon impropriety of the action of the several council members because at the very time of their action closing the streets they were serving as employees of the State University benefited thereby would be to render an advisory opinion on an abstract hypothetical or moot question; one whereby no purpose would be served in any essential justiciable controversy, i. e., a controversy upon which plaintiffs would be entitled to maintain a suit to obtain any relief. *California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960). Plaintiffs' remedy, if there be any to which they are entitled, must be one of political character; a judicial remedy is by our law unavailable to them as individuals or as representatives of any class of persons which include them.

Despite our conclusion that to consider every point of error brought and presented on appeal would be unnecessary, we have nevertheless done so. We overrule all of them.

The judgment is affirmed.