Stephen C. **RITCHIE** and **W.C. Weeden**, Appellants,

v.

**CITY OF FORT WORTH** and **California-Texas Properties, Inc.**, Appellees.

No. 2–86–078–CV.

Court of Appeals of Texas, Fort Worth.

May 13, 1987.

Rehearing Denied June 10, 1987.

Day & Day, and Marshall Day, Fort Worth, for appellants.

Law, Snakard & Gambill, and Walker C. Friedman, Wade Adkins and William W. Wood, Fort Worth, for appellees.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This is an appeal from a summary judgment granted in favor of appellees the City of Fort Worth and the intervenor California-Texas Properties, Inc. (Cal–Tex), defendants below, against Stephen C. Ritchie and W.C. Weeden, appellants, plaintiffs below.

We affirm.

This case involves the closing of certain streets and alleys in the area of land known as the Trinity Bend Addition to the City of Fort Worth, Tarrant County, Texas. The Trinity Bend Addition is a tract of land over 50 acres located in the east part of downtown Fort Worth, bounded by Interstate 35 on the west, the Airport freeway on the north, and the Trinity River on the east. Cal-Tex, Ritchie and Weeden, bought lots in the Trinity Bend Addition. Ritchie, acting as trustee, and Weeden obtained title to eight lots in the area. Cal-Tex

petitioned the city council to close some of the existing streets and alleys, in order to develop the Trinity Bend Addition. The net result was Ordinance No. 9496 which closed the streets. Cal-Tex paid the city $86,108.00 in connection with the closing of the streets.

Appellant, Ritchie sued the City of Fort Worth under the Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM. CODE ANN. ch. 37 (Vernon 1986), claiming the city's action adopting an ordinance to close some streets in the Trinity Bend Addition did not comply with provisions of the city charter and Texas statutes concerning the sale, abandonment, or vacation of streets. *See* Charter of The City of Fort Worth, ch. XXI sec. 5, 1986; TEX.REV. CIV.STAT.ANN. art. 5421c–12 (Vernon Supp.1987). Ritchie also sued to enjoin the city from enforcing the ordinance; however this requested relief was deleted in subsequent pleadings. Cal-Tex filed a plea in intervention as a previously adjacent land owner and current vendor's lien holder on property adjacent to the streets abandoned by the City of Fort Worth. Cal-Tex also filed a counter claim against Ritchie for attorney's fees and court costs under the declaratory judgments act. Appellant, Weeden, filed a plea in intervention adopting Ritchie's petition. Later the city amended its original answer, and among other things, requested attorney's fees under the declaratory judgments act.

The city and Cal-Tex both filed motions for summary judgment, which were granted. The resulting summary judgment denied the appellants' claims for declaratory judgment and attorney's fees, and awarded the city and Cal-Tex attorney's fees.

In four points of error appellants challenge the court's decision claiming: 1) fact issues exist as to whether the City of Fort Worth complied with article 5421c–12, relating to the sale, abandonment, or vacation of streets; 2) fact issues exist as to whether the City of Fort Worth complied with the city charter provisions relating to the sale, abandonment, or vacation of streets; and 3 & 4) the court abused its discretion in awarding attorney's fees to both the City of Fort Worth and Cal-Tex under the declaratory judgments act.

Without reaching the merits of appellants' claim, we affirm the summary judgment, holding that neither had standing to bring this suit. In order to have standing to bring a suit for declaratory judgment, a plaintiff must either be able to maintain an action for injunction or money damages. *See Caldwell v. City of Denton*, 556 S.W.2d 107, 109 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.). Appellants here meet neither test. Although both originally sought relief by an injunction, this pleading was later deleted. At the time summary judgment was granted, appellants were seeking relief only under the declaratory judgments act.

Appellants also have no standing to maintain a suit for damages. It is undisputed that at all times neither appellant was the owner or lessee of any real property actually abutting those portions of the streets and alleys closed by the ordinance. The fact of non-abuttment upon the streets and alleys affected by the ordinance means the appellants' injury is the same as the injury, if any, suffered by the general public. *See Caldwell*, 556 S.W.2d at 107; *Jacobs v. City of Dennison*, 251 S.W.2d 804, 807 (Tex.Civ.App.—Dallas 1952, no writ). Even though the injury suffered by appellants may differ in *degree* from that suffered by the public, this difference does not rise to a deprivation worthy of compensation by money damages. *See Caldwell*, 556 S.W.2d at 107. Points of error one and two are therefore overruled.

In points of error three and four, appellants contend the court abused its discretion in awarding attorney's fees to the City of Fort Worth and Cal-Tex. The court awarded the City of Fort Worth attorney's fees in the amount of $12,500.00; plus $7,500.00 for appeal to the Court of Appeals; plus $3,000.00 for application for writ of error to the Supreme Court of Texas; plus $3,000 in the event the writ of error would be granted. The court awarded Cal-Tex attorney's fees in the amount of $20,000.00; plus $7,500.00 for appeal to the Court of Appeals; plus $3,000.00 for appli-

cation for writ of error to the Supreme Court of Texas; plus $3,000.00 in the event the writ of error would be granted.

As to the City of Fort Worth, appellants claim the award of attorney's fees was improper because the City of Fort Worth did not seek affirmative relief under the declaratory judgments act. In the City of Fort Worth's first amended original answer, the city did affirmatively plead for attorney's fees and costs under section 37.-009 of the declaratory judgments act. Although it was not seeking affirmative relief under the act, the city was defending against appellants' declaratory judgment action. As to Cal-Tex, appellants allege Cal-Tex was not a necessary or proper party to the cause of action and because appellants sought no declaratory relief against Cal-Tex, the award of attorney's fees was not equitable and just. Cal-Tex did affirmatively request attorney's fees under section 37.009 in its pleadings, but did not itself seek affirmative relief under the act.

Section 37.009 of the declaratory judgments act provides "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." The language of the statute does not limit the recovery of fees to the party seeking declaratory judgment relief and we find no authority for such a construction. We note our sister court in Dallas has previously held that the award of attorney's fees under the declaratory judgments act *is not limited* to the party bringing the declaratory judgment suit. *District Judges v. Com'rs Court of Collin*, 677 S.W.2d 743, 746 (Tex.App.—Dallas 1984, writ ref'd n.r. e.); *Cf. Willacy Cty Appr. Dist. v. N. Alamo Water S.*, 676 S.W.2d 632, 641 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.) (dicta, not necessary to the decision therein). We agree with the holding in *District Judges* and in so doing find the trial court did not abuse its discretion in assessing the fees. *See District Judges*, 677 S.W.2d at 746; *Contact Products Inc. v. Dixico Inc.*, 672 S.W.2d 607, 610 (Tex.App.—Dallas 1984, no writ).

We hold in a declaratory judgment action, the clear language stating that the court may award attorney's fees as are equitable and just, permits the court to do exactly that, for a party who pleads for such fees, whether or not the party is seeking affirmative relief under the statute. In this case, we hold the court did not commit error in awarding attorney's fees to the City of Fort Worth, which was defending the declaratory judgment, and Cal-Tex, which was permitted to intervene, and had a justicible interest in the outcome of the suit for declaratory judgment. In a declaratory judgments action, the rule on attorney's fees is that the granting or denial of the same lies within the sound discretion of the trial court. The trial court's judgment will *not* be reversed on appeal absent a clear showing of abuse. *Oake v. Collin County*, 692 S.W.2d 454, 455–56 (Tex.1985). There is nothing in the record showing an abuse of discretion. Points of error three and four are overruled.

The judgment of the trial court is affirmed.