NUMBER 13-08-108-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

VALERIE CLARK AND HOLLY Appellants,

VENTURE, A TEXAS JOINT VENTURE, 


v. 


SOUTH PADRE ISLAND

DEVELOPMENT, L.L.C., ET AL., Appellees.

 


On appeal from the 103rd District Court 

of Cameron County, Texas


 


MEMORANDUM OPINION



Before Justices Yañez, Garza, and Vela


Memorandum Opinion by Justice Vela


 

 Appellants, Valerie Clark and Holly Venture, appeal an order granting summary
judgment in favor of South Padre Island Development, L.L.C. and the Town of Laguna
Vista. Appellants also appeal an order granting the no-evidence and traditional motions
for summary judgment filed by Cameron County. The underlying action was a declaratory
judgment action seeking to have Clark's rights declared with respect to the alleged
unauthorized closure of a road. On appeal, Clark, acting pro se, urges ten issues seeking
reversal of the summary judgments. We affirm.

 I. Background

 Appellants, Valerie Clark and Holly Venture, a Texas joint venture (collectively
"Clark"), filed suit against Cameron County, South Padre Island Development, L.L.C,
("Island Development"), the town of Laguna Vista ("Laguna Vista") and Landmark Land
Company, Inc., (1) urging that appellees be enjoined from interfering with Clark's right to
access and use a road previously open to the public. Clark further urged that Cameron
County and Laguna Vista failed to follow the proper statutory procedures for closing,
vacating, or abandoning a road. 

 In August 2005, Dixie South Texas Holdings, Ltd., filed a plat of Holly Beach Road
subdivision, approved by Laguna Vista. The plat vacated a section of West Broadway
Boulevard and dedicated a new road of about the same length, located about 635 feet to
the west of the vacated road that connected back with West Broadway Boulevard. The
vacated road was dirt or caliche; the new road, Holly Beach Road, is paved, in part. Holly
Beach Road is dedicated to the public.

 Cameron County filed traditional and no-evidence motions for summary judgment
asserting that the road in question was exclusively within the jurisdiction and control of
Laguna Vista. The motion also points out that Clark judicially admitted that she could not
find any evidence or information suggestive of an order or decision by the Cameron County
Commissioner's Court authorizing the road closing. Cameron County urged that Clark did
not introduce any evidence that it had anything to do with the closing, creation, dedication
or reconfiguration of the road in question. In response, Clark urged that Cameron County
had a duty, pursuant to section 251.059 of the Texas Transportation Code, to insure that
access to a county road is not closed off by a municipality. See Tex. Transp. Code Ann.
§ 251.059 (Vernon 1999). 

 Laguna Vista and Island Development also moved for summary judgment, asserting
Clark had no standing because she admitted in her deposition that she did not own any
property directly abutting the section of the road that was changed. Appellee, Laguna Vista
and Island Development also contended that the new Holly Beach Road was dedicated for
public use. Laguna Vista submitted the plat as summary judgment evidence, and an
affidavit by Brent Goodger, the vice president of South Padre Island Development, averring
that the subject section of West Broadway was never obstructed or closed to the public. 
 The evidence also contained excerpts of Clark's deposition wherein she admits that she
did not own property in fee simple in the Holly Beach subdivision at the time of the
deposition. In reply, Clark contended that she was an owner and that her property abutted
the roadway that was changed. She argued that she had a lease with an option to
purchase. The trial court granted summary judgment in favor of all appellees.


 II. Standard of Review We review the trial court's summary judgment de novo. Provident Life and Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). The standards of review for traditional
and no-evidence summary judgments are well established. In a traditional summary
judgment, the movant has the burden to establish that there are no material issues of fact.
Tex. R. Civ. P. 166a(c); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex. 1999);
Mercier v. Sw. Bell Yellow Pages, Inc., 214 S.W.3d 770, 773 (Tex. App.-Corpus Christi
2007, no pet.). Evidence favorable to the non-movant will be taken as true, every
reasonable inference will be indulged in the non-movant's favor, and doubts must be
resolved in the non-movant's favor. Knott, 128 S.W.3d at 215.

 In contrast, a no-evidence summary judgment is the same as a pretrial directed
verdict, and we apply the same legal sufficiency standard on review. Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 581-82 (Tex. 2006); Ortega v. City Nat'l Bank, 97 S.W.3d 765,
772 (Tex. App.-Corpus Christi 2003, no pet.) (op. on reh'g). We review the evidence in
the light most favorable to the non-movant. City of Keller v. Wilson,168 S.W.3d 802, 825
(Tex. 2005). The non-movant must produce evidence to raise a genuine issue of material
fact in order to defeat a no-evidence motion for summary judgment. Tex. R. Civ. P. 166a(i). 
To determine whether the non-movant has met its burden, we review the evidence in the
light most favorable to the non-movant, crediting such evidence that reasonable jurors
could credit and disregarding contrary evidence unless reasonable jurors could not. 
Tamez, 206 S.W.3d at 582.


III. Discussion

A. Finality

 By issue eight, Clark contends that this Court lacks jurisdiction because there are
pending claims. After judgment was rendered in favor of Cameron County, Clark amended
her petition to add claims against the County for conspiracy, negligence, tortious
interference and breach of contract. Rule 166a(c) provides that a trial court should render
judgment based on the pleadings on file at the time of the hearing. Tex. R. App. P. 166a(c);
Prater v. State Farm Lloyds, 217 S.W.3d 739, 741 (Tex. App.-Dallas 2007, no pet.). A
motion for summary judgment is considered a trial within the meaning of Texas Rule of
Civil Procedure 63. Goswami v. Metro. Sav. & Loan Ass'n, 751 S.W.2d 487, 490 (Tex.
1988). Once the hearing date on the motion for summary judgment has passed, but before
the trial court signs a judgment, a party must obtain a written order from the trial court
granting permission to file an amended pleading. Id. A trial court cannot grant leave to
amend the pleadings once it renders judgment. Denman v. Citgo Pipeline Co., 123 S.W.3d
728, 735 (Tex. App.-Texarkana 2003, no pet.). 

 Here, Clark filed her amended petition after the trial court granted Cameron
County's motion for summary judgment. Because no leave was granted to file the
amended pleadings after summary judgment was entered, the amended pleadings were
never "filed" and do not affect this Court's jurisdiction. Because all claims, issues, and
parties properly before the trial court were disposed of finally on November 11, 2007, with
the granting of Laguna Vista's motion for summary judgment, the summary judgment
orders are final and appealable. Clark's eighth issue is overruled. 

B. Issues Unique to Cameron County

 By Clark's second issue, she urges that the trial court erred in failing to order
Cameron County to reopen County Road 519 because section 251.051 of the Texas
Transportation Code makes the county responsible for roads for all municipalities that do
not have an active de facto municipal government. See Tex. Transp. Code Ann. §
251.051 (Vernon 1999). Cameron County counters with the argument that at the time the
summary judgment was heard, Clark introduced no summary judgment evidence that
Cameron County had anything to do with the road closure. See id. Section 251.051 of
the Texas Transportation Code provides, in part, that county commissioners courts shall
assume control of streets and alleys in a municipality that does not have an active de facto
municipal government. See id. § 251.051(a)(2). 

 In Clark's response to the motion for summary judgment, she concedes that the
road that was closed was within the exclusive jurisdiction of Laguna Vista and not Cameron
County. The County's no-evidence motion urges that Clark cannot recover against it 
because she will be unable to establish that Cameron County was involved in any way with
the closing of the road. Clark's response to the summary judgment motion does not
dispute Cameron County's assertion or present any evidence establishing the County's
involvement. Clark's second issue is overruled. 

 By issue three, Clark urges that Cameron County had the authority and duty to
protect ingress and egress for the property and owners in the Holly Beach subdivision. 
Cameron County urged in its traditional motion for summary judgment that Laguna Vista
and Island Development had judicially admitted that the road in question was located within
the town of Laguna Vista. The affidavit of Goodger also stated that the subdivision plat,
approved by the town of Laguna Vista, approved vacating the old caliche road and
dedicating a new one. Cameron County established as a matter of law that it was not
responsible for the road in question. We overrule issue three.

C. Issues Unique to the Laguna Vista and Island Development Appellees

 Clark urges in her first issue that the trial court erred in granting summary judgment
based on standing. She argues that she could properly bring suit because she had an
interest in the property as a mortgage holder and lessee of property affected by the road
closure. 

 Section 311.002(a) of the Texas Transportation Code provides: "A general law
municipality has exclusive control over highways, streets, and alleys of the municipality." 
Tex. Transp. Code Ann. § 311.002 (Vernon 1999). Clark relies on section 311.008 of the
transportation code as support for her argument that her approval was necessary for the
Laguna Vista appellants to proceed. See id. § 311.008 (Vernon 1999). That section
provides: "The governing body of a general law municipality, by ordinance, may vacate,
abandon, or close a street or alley of the municipality if a petition signed by all owners of
real property abutting the street or alley is submitted to the governing body." Id. (emphasis
added). 

 In her deposition, Clark stated that neither she nor Holly Venture owns any of the
property which directly abuts the section of the road that was changed. She further
admitted in her deposition that neither she nor Holly Venture owned any property in Holly
Beach subdivision at the time of the deposition. The trial court properly granted summary
judgment because Clark was not a landowner whose property abutted the street at issue. 
See Caldwell v. City of Denton, 556 S.W.2d 107, 108 (Tex. App.-San Antonio 1977, writ
ref'd n.r.e.). We overrule issue one. 

 By issue six, Clark claims the trial court erred in granting summary judgment
because Laguna Vista closed a county road. As previously discussed, the summary
judgment evidence established that the road in question was within the exclusive
jurisdiction of the town of Laguna Vista. Issue six is overruled. 

 Clark urges in her seventh issue that Laguna Vista improperly annexed land within
the extraterritorial jurisdiction of Brownsville. This issue was not raised below and may not
be raised for the first time on appeal. Tex. R. App. P. 33.1 (a)(1). We overrule issue
seven. In issue nine, Clark argues, without citing any legal authority, that the trial
court erred in overruling her motion for new trial because Laguna Vista did not plead lack
of standing as an affirmative defense. An unpleaded affirmative defense may serve as the
basis for a summary judgment when it is raised in the summary judgment motion and the
opposing party does not object to the lack of a pleading in either its written response or
before the rendition of judgment. Roark v. Stallworth Oil and Gas, Inc., 813 S.W.2d 492,
494 (Tex. 1991); see Tex. Gen. Indem. v. Workers' Comp. Comm'n., 36 S.W.3d 635, 639
(Tex. App.-Austin 2000, no pet.). In the case before us, Clark did not raise an objection
in the response to the summary judgment motion or at the summary judgment hearing that
summary judgment was being granted on an unpleaded affirmative defense. We,
therefore, overrule issue nine.
 By her fourth issue, Clark urges that the trial court erred in awarding attorney's fees
to counsel for Laguna Vista and Island Development, arguing that the affidavit filed by
counsel was conclusory. As summary judgment evidence, Laguna Vista and Island
Development included an affidavit signed by their attorney, Robert Whittington. In the
affidavit, Whittington averred that $10,500 was a just and reasonable fee for the legal
services he performed. Whittington stated that he filed an original answer, prepared
discovery, made court appearances, performed research in connection with preparation
of the motion for summary judgment, and drafted and filed the motions for summary
judgment. 

 Section 37.009 of the civil practice and remedies code allows the trial court to award
reasonable and necessary attorney's fees as are equitable and just for any proceeding
brought under the Texas Uniform Declaratory Judgments Act. See Tex. Civ. Prac. &
Rem.Code Ann. § 37.009 (Vernon 2008); Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex.
1998). Thus, the award of attorneys' fees in a declaratory judgment action is entrusted to
the discretion of the trial court. See Bocquet, 972 S.W.2d at 20; see also Tex. Civ. Prac.
& Rem. Code Ann. § 37.009; Columbia Rio Grande Reg'l Hosp. v. Stover, 17 S.W.3d 387,
397 (Tex. App.-Corpus Christi 2000, no pet.) (citing Bocquet, 972 S.W.2d at 21; Welder
v. Green, 985 S.W.2d 170, 180 (Tex. App.-Corpus Christi 1998, pet. denied)). 

 Here, there is nothing in the evidence to suggest that the trial court abused its
discretion in making the award of fees that it did. Issue four is overruled. 

D. Issues Pertinent to All Appellees

 By issue five, Clark contends that the affidavit of Brent Goodger was not competent
because he was an interested witness. A summary judgment may be based on the
uncontroverted evidence of an interested witness if it is "clear, positive, and direct,
otherwise credible and free from contradictions and inconsistencies, and could have been
easily controverted." Tex. R. Civ. P. 166a(c). Whether the affidavit was proper or improper
is a question we need not address, however, because the trial court correctly granted
summary judgment for Laguna Vista and Island Development based on Clark's lack of
standing. Goodger's affidavit is not necessary to determine the issue of standing. No
objection was made at trial with respect to the affidavit as it related to Cameron County's
claims. Failure to object to evidence at trial court level waives any defects as to form. 
Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 112 (Tex. App.-Houston [14th Dist.]
2000, no pet.). We overrule issue five.

 By issue ten, Clark urges denial of due process and equal protection because
appellees settled with an intervenor, but not with her. Before summary judgment was
granted, Laguna Vista and Island Development entered into an agreement with Rosaura
Mendez, an intervenor, that a permanent injunction be granted prohibiting Laguna Vista
and Island Development from interfering with Mendez's use of the Holly Beach Road for
purposes of ingress and egress. Clark does not explain, nor do we see, how the
settlement with another party affects her in any way. Regardless, this is an issue raised
for the first time on appeal and may not be considered. See Tex. R. App. P. 33.1 (a)(1). 
We overrule issue ten.

IV. Conclusion

 The judgment of the trial court is affirmed.




 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 8th day of January, 2009.








 
1. On November 7, 2007, the trial court granted Landmark Land Company, Inc.'s special appearance
motion and dismissed the case against Landmark from the case. Landmark is not a party to this appeal.