

# NUMBER 13-08-108-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

VALERIE CLARK AND HOLLY                                         Appellants,
VENTURE, A TEXAS JOINT VENTURE,

v.

SOUTH PADRE ISLAND
DEVELOPMENT, L.L.C., ET AL.,                                    Appellees.

On appeal from the 103rd District Court
of Cameron County, Texas

# MEMORANDUM OPINION

Before Justices Yañez, Garza, and Vela
Memorandum Opinion by Justice Vela

Appellants, Valerie Clark and Holly Venture, appeal an order granting summary judgment in favor of South Padre Island Development, L.L.C. and the Town of Laguna Vista. Appellants also appeal an order granting the no-evidence and traditional motions for summary judgment filed by Cameron County. The underlying action was a declaratory judgment action seeking to have Clark's rights declared with respect to the alleged unauthorized closure of a road. On appeal, Clark, acting pro se, urges ten issues seeking reversal of the summary judgments. We affirm.

## I. BACKGROUND

Appellants, Valerie Clark and Holly Venture, a Texas joint venture (collectively "Clark"), filed suit against Cameron County, South Padre Island Development, L.L.C, ("Island Development"), the town of Laguna Vista ("Laguna Vista") and Landmark Land Company, Inc.,[1] urging that appellees be enjoined from interfering with Clark's right to access and use a road previously open to the public. Clark further urged that Cameron County and Laguna Vista failed to follow the proper statutory procedures for closing, vacating, or abandoning a road.

In August 2005, Dixie South Texas Holdings, Ltd., filed a plat of Holly Beach Road subdivision, approved by Laguna Vista. The plat vacated a section of West Broadway Boulevard and dedicated a new road of about the same length, located about 635 feet to the west of the vacated road that connected back with West Broadway Boulevard. The vacated road was dirt or caliche; the new road, Holly Beach Road, is paved, in part. Holly Beach Road is dedicated to the public.

---

[1]On November 7, 2007, the trial court granted Landmark Land Company, Inc.'s special appearance motion and dismissed the case against Landmark from the case. Landmark is not a party to this appeal.

Cameron County filed traditional and no-evidence motions for summary judgment asserting that the road in question was exclusively within the jurisdiction and control of Laguna Vista. The motion also points out that Clark judicially admitted that she could not find any evidence or information suggestive of an order or decision by the Cameron County Commissioner's Court authorizing the road closing. Cameron County urged that Clark did not introduce any evidence that it had anything to do with the closing, creation, dedication or reconfiguration of the road in question. In response, Clark urged that Cameron County had a duty, pursuant to section 251.059 of the Texas Transportation Code, to insure that access to a county road is not closed off by a municipality. *See* TEX. TRANSP. CODE ANN. § 251.059 (Vernon 1999).

Laguna Vista and Island Development also moved for summary judgment, asserting Clark had no standing because she admitted in her deposition that she did not own any property directly abutting the section of the road that was changed. Appellee, Laguna Vista and Island Development also contended that the new Holly Beach Road was dedicated for public use. Laguna Vista submitted the plat as summary judgment evidence, and an affidavit by Brent Goodger, the vice president of South Padre Island Development, averring that the subject section of West Broadway was never obstructed or closed to the public. The evidence also contained excerpts of Clark's deposition wherein she admits that she did not own property in fee simple in the Holly Beach subdivision at the time of the deposition. In reply, Clark contended that she was an owner and that her property abutted the roadway that was changed. She argued that she had a lease with an option to purchase. The trial court granted summary judgment in favor of all appellees.

3

## II. STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Provident Life and Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). The standards of review for traditional and no-evidence summary judgments are well established. In a traditional summary judgment, the movant has the burden to establish that there are no material issues of fact. TEX. R. CIV. P. 166a(c); *Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222 (Tex. 1999); *Mercier v. Sw. Bell Yellow Pages, Inc.,* 214 S.W.3d 770, 773 (Tex. App.–Corpus Christi 2007, no pet.). Evidence favorable to the non-movant will be taken as true, every reasonable inference will be indulged in the non-movant's favor, and doubts must be resolved in the non-movant's favor. *Knott*, 128 S.W.3d at 215.

In contrast, a no-evidence summary judgment is the same as a pretrial directed verdict, and we apply the same legal sufficiency standard on review. *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 581-82 (Tex. 2006); *Ortega v. City Nat'l Bank,* 97 S.W.3d 765, 772 (Tex. App.–Corpus Christi 2003, no pet.) (op. on reh'g). We review the evidence in the light most favorable to the non-movant. *City of Keller v. Wilson,*168 S.W.3d 802, 825 (Tex. 2005). The non-movant must produce evidence to raise a genuine issue of material fact in order to defeat a no-evidence motion for summary judgment. TEX. R. CIV. P. 166a(i). To determine whether the non-movant has met its burden, we review the evidence in the light most favorable to the non-movant, crediting such evidence that reasonable jurors could credit and disregarding contrary evidence unless reasonable jurors could not. *Tamez,* 206 S.W.3d at 582.

4

## III. Discussion

A. *Finality*

By issue eight, Clark contends that this Court lacks jurisdiction because there are pending claims. After judgment was rendered in favor of Cameron County, Clark amended her petition to add claims against the County for conspiracy, negligence, tortious interference and breach of contract. Rule 166a(c) provides that a trial court should render judgment based on the pleadings on file at the time of the hearing. TEX. R. APP. P. 166a(c); *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 741 (Tex. App.–Dallas 2007, no pet.). A motion for summary judgment is considered a trial within the meaning of Texas Rule of Civil Procedure 63. *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988). Once the hearing date on the motion for summary judgment has passed, but before the trial court signs a judgment, a party must obtain a written order from the trial court granting permission to file an amended pleading. *Id.* A trial court cannot grant leave to amend the pleadings once it renders judgment. *Denman v. Citgo Pipeline Co.*, 123 S.W.3d 728, 735 (Tex. App.–Texarkana 2003, no pet.).

Here, Clark filed her amended petition after the trial court granted Cameron County's motion for summary judgment. Because no leave was granted to file the amended pleadings after summary judgment was entered, the amended pleadings were never "filed" and do not affect this Court's jurisdiction. Because all claims, issues, and parties properly before the trial court were disposed of finally on November 11, 2007, with the granting of Laguna Vista's motion for summary judgment, the summary judgment orders are final and appealable. Clark's eighth issue is overruled.

5

B. *Issues Unique to Cameron County*

By Clark's second issue, she urges that the trial court erred in failing to order Cameron County to reopen County Road 519 because section 251.051 of the Texas Transportation Code makes the county responsible for roads for all municipalities that do not have an active de facto municipal government. *See* TEX. TRANSP. CODE ANN. § 251.051 (Vernon 1999). Cameron County counters with the argument that at the time the summary judgment was heard, Clark introduced no summary judgment evidence that Cameron County had anything to do with the road closure. *See id.* Section 251.051 of the Texas Transportation Code provides, in part, that county commissioners courts shall assume control of streets and alleys in a municipality that does not have an active de facto municipal government. *See id.* § 251.051(a)(2).

In Clark's response to the motion for summary judgment, she concedes that the road that was closed was within the exclusive jurisdiction of Laguna Vista and not Cameron County. The County's no-evidence motion urges that Clark cannot recover against it because she will be unable to establish that Cameron County was involved in any way with the closing of the road. Clark's response to the summary judgment motion does not dispute Cameron County's assertion or present any evidence establishing the County's involvement. Clark's second issue is overruled.

By issue three, Clark urges that Cameron County had the authority and duty to protect ingress and egress for the property and owners in the Holly Beach subdivision. Cameron County urged in its traditional motion for summary judgment that Laguna Vista and Island Development had judicially admitted that the road in question was located within the town of Laguna Vista. The affidavit of Goodger also stated that the subdivision plat,

6

approved by the town of Laguna Vista, approved vacating the old caliche road and dedicating a new one. Cameron County established as a matter of law that it was not responsible for the road in question. We overrule issue three.

C*. Issues Unique to the Laguna Vista and Island Development Appellees*

Clark urges in her first issue that the trial court erred in granting summary judgment based on standing. She argues that she could properly bring suit because she had an interest in the property as a mortgage holder and lessee of property affected by the road closure.

Section 311.002(a) of the Texas Transportation Code provides: "A general law municipality has exclusive control over highways, streets, and alleys of the municipality." TEX. TRANSP. CODE ANN. § 311.002 (Vernon 1999). Clark relies on section 311.008 of the transportation code as support for her argument that her approval was necessary for the Laguna Vista appellants to proceed. *See id.* § 311.008 (Vernon 1999). That section provides: "The governing body of a general law municipality, by ordinance, may vacate, abandon, or close a street or alley of the municipality if a petition signed by all *owners of real property abutting the street* or alley is submitted to the governing body." *Id.* (emphasis added).

In her deposition, Clark stated that neither she nor Holly Venture owns any of the property which directly abuts the section of the road that was changed. She further admitted in her deposition that neither she nor Holly Venture owned any property in Holly Beach subdivision at the time of the deposition. The trial court properly granted summary judgment because Clark was not a landowner whose property abutted the street at issue. *See Caldwell v. City of Denton,* 556 S.W.2d 107, 108 (Tex. App.–San Antonio 1977, writ

7

ref'd n.r.e.).   We overrule issue one.

By issue six, Clark claims the trial court erred in granting summary judgment because Laguna Vista closed a county road.  As previously discussed, the summary judgment evidence established that the road in question was within the exclusive jurisdiction of the town of Laguna Vista.  Issue six is overruled.

Clark urges in her seventh issue that Laguna Vista improperly annexed land within the extraterritorial jurisdiction of Brownsville.  This issue was not raised below and may not be raised for the first time on appeal.  TEX. R. APP. P. 33.1 (a)(1).  We overrule issue seven.        In issue nine, Clark argues, without citing any legal authority, that the trial court erred in overruling her motion for new trial because Laguna Vista did not plead lack of standing as an affirmative defense.  An unpleaded affirmative defense may serve as the basis for a summary judgment when it is raised in the summary judgment motion and the opposing party does not object to the lack of a pleading in either its written response or before the rendition of judgment.  *Roark v. Stallworth Oil and Gas, Inc.,* 813 S.W.2d 492, 494 (Tex. 1991); *see Tex. Gen. Indem. v. Workers' Comp. Comm'n.,* 36 S.W.3d 635, 639 (Tex. App.–Austin 2000, no pet.).  In the case before us, Clark did not raise an objection in the response to the summary judgment motion or at the summary judgment hearing that summary judgment was being granted on an unpleaded affirmative defense.  We, therefore, overrule issue nine.

By her fourth issue, Clark urges that the trial court erred in awarding attorney's fees to counsel for Laguna Vista and Island Development, arguing that the affidavit filed by counsel was conclusory.  As summary judgment evidence, Laguna Vista and Island Development included an affidavit signed by their attorney, Robert Whittington.  In the

8

affidavit, Whittington averred that $10,500 was a just and reasonable fee for the legal services he performed. Whittington stated that he filed an original answer, prepared discovery, made court appearances, performed research in connection with preparation of the motion for summary judgment, and drafted and filed the motions for summary judgment.

Section 37.009 of the civil practice and remedies code allows the trial court to award reasonable and necessary attorney's fees as are equitable and just for any proceeding brought under the Texas Uniform Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 2008); *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex. 1998). Thus, the award of attorneys' fees in a declaratory judgment action is entrusted to the discretion of the trial court. *See Bocquet,* 972 S.W.2d at 20; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *Columbia Rio Grande Reg'l Hosp. v. Stover,* 17 S.W.3d 387, 397 (Tex. App.–Corpus Christi 2000, no pet.) (citing *Bocquet,* 972 S.W.2d at 21; *Welder v. Green,* 985 S.W.2d 170, 180 (Tex. App.–Corpus Christi 1998, pet. denied)).

Here, there is nothing in the evidence to suggest that the trial court abused its discretion in making the award of fees that it did. Issue four is overruled.

D. *Issues Pertinent to All Appellees*

By issue five, Clark contends that the affidavit of Brent Goodger was not competent because he was an interested witness. A summary judgment may be based on the uncontroverted evidence of an interested witness if it is "clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been easily controverted." TEX. R. CIV. P. 166a(c). Whether the affidavit was proper or improper

is a question we need not address, however, because the trial court correctly granted summary judgment for Laguna Vista and Island Development based on Clark's lack of standing. Goodger's affidavit is not necessary to determine the issue of standing. No objection was made at trial with respect to the affidavit as it related to Cameron County's claims. Failure to object to evidence at trial court level waives any defects as to form. *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.–Houston [14th Dist.] 2000, no pet.). We overrule issue five.

By issue ten, Clark urges denial of due process and equal protection because appellees settled with an intervenor, but not with her. Before summary judgment was granted, Laguna Vista and Island Development entered into an agreement with Rosaura Mendez, an intervenor, that a permanent injunction be granted prohibiting Laguna Vista and Island Development from interfering with Mendez's use of the Holly Beach Road for purposes of ingress and egress. Clark does not explain, nor do we see, how the settlement with another party affects her in any way. Regardless, this is an issue raised for the first time on appeal and may not be considered. *See* TEX. R. APP. P. 33.1 (a)(1). We overrule issue ten.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

> ROSE VELA
> Justice

Memorandum Opinion delivered and
filed this 8th day of January, 2009.

10